IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PAMELA SULLIVAN,                    :
                                    :
              Plaintiff,            :        CIVIL ACTION NO.
                                    :
vs.                                 :        1:19-CV-1086-CC
                                    :
TARGET CORPORATION,                 :
BRIAN GRISMORE, and                 :
BRITTANY WILLIAMS,                  :
                                    :
              Defendants.           :

## OPINION AND ORDER

This premises liability action is before the Court on Defendants' Motion to

Dismiss Brian Grismore and Brittany Williams as Party Defendants [Doc. No. 4]

(the "Motion to Dismiss"), Plaintiff Pamela Sullivan's Motion to Remand [Doc. No.

5], Defendant Brian Grismore's Motion for Leave to Amend Defendant Brian

Grismore's Special Appearance and Answer and Defenses to Plaintiff's Complaint

[Doc. No. 16], Defendants' Motion for Leave to Amend Defendants' Petition for

Removal [Doc. No. 17], Defendant Brian Grismore's Motion for Summary

Judgment [Doc. No. 24], and Defendant Brittany Williams's Motion for Summary

Judgment [Doc. No. 25].  For the reasons set forth below, the Court **GRANTS in**

**part and DENIES in part** Defendants' Motion to Dismiss [Doc. No. 4], **DENIES**

Plaintiff's Motion to Remand [Doc. No. 5], **DENIES AS MOOT** Defendant Brian

Grismore's Motion for Leave to Amend Defendant Brian Grismore's Special Appearance and Answer and Defenses to Plaintiff's Complaint [Doc. No. 16], **GRANTS** Defendants' Motion for Leave to Amend Defendants' Petition for Removal [Doc. No. 17], **DENIES** Defendant Brian Grismore's Motion for Summary Judgment [Doc. No. 24], and **DENIES as moot** Defendant Brittany Williams's Motion for Summary Judgment [Doc. No. 25].

## I. BACKGROUND

A. <u>Facts</u>[1]

On May 21, 2016, Plaintiff Pamela Sullivan ("Plaintiff") was shopping in a Target store located at 3660 Marketplace Boulevard, East Point, Fulton County, Georgia, 30344 (the "Target Store"). While at the store, Plaintiff allegedly slipped on a slippery substance, which she believed to be bubble solution, and fell. Plaintiff alleges that her slip-and-fall incident was due to the negligence of Defendants Target Corporation, Brian Grismore, and Brittany Williams.

---

[1] The Court takes most of the underlying facts from Defendant Brian Grismore's Statement of Undisputed Material Facts in Support of His Motion for Summary Judgment ("DSMF") [Doc. No. 24-1]. Except for one fact, Plaintiff admits all the facts set forth therein. The one fact she denies is not supported by a citation to evidence in the record. Therefore, the Court deems all of Defendant Grismore's facts admitted. <u>See</u> LR 56.1B(2)(a)(2), NDGa.

The Court also has taken some facts from Plaintiff's Statement of Additional Material Facts Which Present an Issue for Trial ("PSMF") [Doc. No. 34]. Many of the facts presented by Plaintiff are not supported by citations to evidence that include page or paragraph number. Those facts (¶¶ 1-5) are not considered by the Court. <u>See</u> LR 56.1B(2)(b).

On May 21, 2016, the day of the subject incident, Defendant Grismore was the manager of the Target Store, but he was not working at the Target Store on that day. (DSMF ¶¶ 1, 2.) Defendant Grismore was not working at the Target Store on the day of the subject incident. (<u>Id.</u> ¶ 2.) Defendant Grismore has no ownership interest in the Target Store. (<u>Id.</u> ¶ 3.) There is no evidence that Defendant Grismore had knowledge of the spill or created or directed to be created the hazard that allegedly caused Plaintiff's injuries. (<u>Id.</u> ¶ 10.)

Target creates all policies and procedures with respect to the Target Store's operations, including employee and customer safety as well as inspection and spill cleanup procedures and all hiring or firing of employees. (<u>Id.</u> ¶ 4.) Target also creates the training policies, procedures, and materials by which all Target employees are trained in the performance of their job duties, including all training related to inspection of the premises and spill cleanup. (<u>Id.</u> ¶ 5.)

As store manager, Defendant Grismore did not have authority to create any policies and procedures regarding safety, inspection and spill cleanup, or hiring or firing of employees. (<u>Id.</u> ¶ 6.) He also had no authority to operate the store outside of Target's corporate policies. (<u>Id.</u> ¶ 7.) As store manager, Defendant Grismore had no authority to create or change training policies, procedures, or materials. (<u>Id.</u> ¶ 8.) He did not set policies or procedures regarding employee wages, and he did not have a right to exclude customers, perform repairs in the

store, pay taxes or employee wages or assume specific lease obligations for the store. (Id. ¶ 9.)

Defendant Grismore did run the entire store. (PSMF ¶ 7.) He was responsible for the overall operation of the store, even when he was not physically present. (Id. ¶ 9.) When he had a day off, however, there would be another manager on duty who was in charge. (Deposition of Brian Grismore "Grismore Dep." [Doc. No. 32-4] at p. 53.)

Defendant Grismore had executive team leaders who oversaw the logistics, front end, and human resources departments, and these executive team leaders all reported to him. (PSMF ¶ 6; Grismore Dep. at p. 29.) He could call for a store-wide meeting if he wanted one. (PSMF ¶ 8.) Defendant Grismore could personally fire executive team leaders (PSMF ¶ 10.)

Defendant Grismore watched trainers in the human resources department in order to improve training techniques and make sure they were being effective in getting the new employees to follow Target's policies and procedures. (Id. ¶ 11; Grismore Dep. at pp. 29-30.) He could have employees retrained if he thought they were being counterproductive. (Id. ¶ 12.) Defendant Grismore could have employees retrained to make them work more efficiently. (Id. ¶ 13.)

Defendant Grismore could order employees to change store displays for customer safety reasons. (Id. ¶ 14.) He also could address an immediate safety

problem at his store and then recommend a change to the Target corporate policy to his supervisor. (Id. ¶ 15.) Defendant Grismore could address safety issues with promotional programs, but he could not change Target procedures. (Id. ¶ 16; Grismore Dep. at 31.)

Defendant Grismore could order his associates to be additionally vigilant for hazards during Christmas and other busy periods. (PSMF ¶ 17.) Defendant Grismore could have a customer removed from the store if they were being disruptive or making inappropriate sexual comments to his associates. (Id. ¶ 18.) He could have associates enter the interview process for management if he felt they showed promise. (Id. ¶ 19.)

Target policies indicate that a spill should be blocked and cleaned up whenever noticed by an associate. (Id. ¶ 20.) Two Target employees walked past the bubble solution, which was the alleged hazard in this case, approximately two minutes prior to Plaintiff being injured. (Id. ¶ 21.) There is no evidence that the two Target employees who walked past the bubble solution were ever retrained on the Target policy regarding slip and fall prevention. (Id. ¶ 24.)

Brittany Williams repeatedly testified about a lack of proper training at Target. (Id. ¶ 22.) She testified that, if she needed to choose between moving carts versus cleaning up a spill and she would get in trouble for moving carts but not

get in trouble for not cleaning up a spill, then she would move carts.  (Deposition of Brittany Williams at p. 28.)

B.     Procedural History

Plaintiff originally filed suit against Defendant Target Corporation and Brian Grismore on March 7, 2018, in the State Court of Fulton County, Georgia, Civil Action File No. 18EV001037 (the "Original Action").  Defendants Target and Grismore timely answered the complaint in the Original Action on April 12, 2018. On May 14, 2018, Plaintiff filed a motion to add Brittany Williams as a defendant. The state court judge entered an order granting the motion to add Ms. Williams on August 3, 2018.  Plaintiff filed her amended complaint in state court on August 8, 2018, and Plaintiff served Ms. Williams with a copy of the amended complaint in the Original Action on August 15, 2018.  Thereafter, Ms. Williams moved to be dismissed from the case.  Plaintiff voluntarily dismissed the action without prejudice on January 24, 2019, while the motion to dismiss was still pending.

Plaintiff re-filed her case against Defendants Target, Grismore, and Williams in the State Court of Fulton County, Georgia, on February 13, 2019.  She asserts a negligence claim against Defendant Target; a negligence claim against Mr. Grismore, as the alleged general manager of the Target Store; and a negligence claim against Ms. Williams, as the alleged Senior Team Leader of the Target Store. Plaintiff alleges Defendants Grismore and Williams failed to maintain the

premises, negligently trained and supervised Target employees, and failed to adopt or enact appropriate policies and procedures to ensure that the appropriate inspections, cleaning, and maintenance were performed on the premises in a timely manner. Plaintiff seeks at least $93,161.01 in special damages as well as general damages.

On March 7, 2019, Defendants Target and Williams filed their Answer and Defenses to Plaintiff's Complaint. Defendant Grismore, who had not yet been served with the Summons and Complaint, filed a Special Appearance and Answer and Defenses to Plaintiff's Complaint. Defendants also removed the action to this Court.

Shortly after removing the action to this Court, Defendants filed a motion seeking the dismissal of Defendants Grismore and Williams, pursuant to Federal Rule of Civil Procedure 21. Plaintiff then filed a motion to remand the case back to the State Court of Fulton County, Georgia. While these motions have been pending, Defendant Grismore has moved the Court for leave to amend his Special Appearance and Answer and Defenses to Plaintiff's Complaint, and Defendants have moved the Court to amend their Petition for Removal. Also now pending before the Court are a summary motion filed by Defendant Grismore and a summary judgment motion filed by Defendant Williams.

## II. MOTIONS FOR LEAVE TO AMEND

### A. <u>Grismore's Special Appearance and Answer and Defenses</u>

Defendant Grismore moves the Court, pursuant to Federal Rule of Civil Procedure 15, for leave to amend his Special Appearance and Answer and Defenses to Plaintiff's Complaint. Defendant Grismore stated in his Special Appearance and Answer and Defenses to Plaintiff's Complaint that he is a citizen of Georgia, but that statement was made in error. According to a declaration that Defendant Grismore has provided, on January 12, 2019, Defendant Grismore moved his permanent residence to Louisiana, where he continues to live. Accordingly, for the purpose of clarifying that he is not a resident of Georgia, Defendant Grismore requests leave of Court to amend his Special Appearance and Answer and Defenses to Plaintiff's Complaint.

At the time Defendant Grismore filed his Special Appearance and Answer and Defenses to Plaintiff's Complaint, Plaintiff had not effected service upon Defendant Grismore. Plaintiff served Defendant Grismore on July 19, 2019. Thereafter, Defendant Grismore filed a Second Amended Answer and Defenses to Plaintiff's Complaint, which is now Defendant Grismore's operative responsive pleading. In light of that filing, the Court need not grant Defendant Grismore leave to amend his Special Appearance and Answer and Defenses to Plaintiff's

Complaint. That request for relief is moot, as the record presently reflects that Defendant Grismore denies that he is a resident of the State of Georgia.

B. Defendants' Petition for Removal

Defendants seek leave, pursuant to 28 U.S.C. § 1446(b) and 28 U.S.C. § 1653, to amend their Petition for Removal. In the Petition for Removal, Defendants also stated that Defendant Grismore is a citizen of Georgia. Defendants request leave of Court to amend the Petition for Removal for purposes of clarifying that Defendant Grismore is not a citizen of Georgia. Plaintiff has not opposed Defendants' Motion for Leave to Amend Defendants' Petition for Removal. Insofar as good cause has been shown for the requested relief and the proposed amendment is relevant to the Court's jurisdictional analysis, the Court grants Defendants' Motion for Leave to Amend Defendants' Petition for Removal. The Court considers the Amended Petition of Removal filed as of the date of the instant Opinion and Order.

III. MOTION TO DISMISS AND MOTION TO REMAND[2]

A. Standard of Review

---

[2] Insofar as the record now establishes that Defendant Grismore is a diverse Defendant and was a diverse Defendant at the time this re-filed action was commenced, the fraudulent joinder doctrine does not apply to him. Therefore, rather than analyzing the merits of Plaintiff's claims against Defendant Grismore in connection with the Motion to Dismiss and Motion to Remand, the Court will address the merits of those claims in its analysis of Defendant Grismore's Motion for Summary Judgment. The Motion to Dismiss as to Defendant Grismore is denied.

Generally, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or defendants to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). The district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between citizens of different states. 28 U.S.C. § 1332(a). In order for a district court to exercise jurisdiction based on diversity of citizenship, there must be complete diversity. Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1359 (11th Cir. 1996), abrogated on other grounds, Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000). That is, the citizenship of every plaintiff must be diverse from the citizenship of every defendant. Id. A defendant seeking to remove a case to federal court bears the burden of establishing that jurisdiction is proper. See Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).

Removal statutes should be construed narrowly with any doubt resolved in favor of remand. Allen v. Christenberry, 327 F.3d 1290, 1293 (11th Cir. 2003). Where a defendant claims a resident defendant has been fraudulently joined for the purpose of defeating diversity of citizenship jurisdiction, a defendant has a heavy burden of proving such and must prove fraudulent joinder by clear and convincing evidence. Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1380 (11th

Cir. 1998); <u>Parks v. New York Times Co.</u>, 308 F.2d 474, 478 (5th Cir. 1962). The removing party may do so by proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. <u>Crowe v. Coleman</u>, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted). "The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." <u>Pacheco de Perez</u>, 139 F.3d at 1380 (citation omitted).

B. <u>Discussion</u>

Defendants maintain that this Court has subject matter jurisdiction by reason of the diversity of citizenship of the parties, pursuant to 28 U.S.C. § 1332. In this regard, Plaintiff is a citizen of Georgia. Defendant Target is a citizen of Minnesota, having been incorporated there and having its principal place of business there. As indicated above, Defendant Grismore is a citizen of Louisiana. There is no dispute that the amount in controversy exceeds $75,000, exclusive of interest and costs, and that is obvious from Plaintiff's Complaint.

While Defendant Williams is a Georgia resident, Defendants argue that Plaintiff made her a party to this action for the sole purpose of defeating diversity jurisdiction. Defendants maintain that Ms. Williams has been fraudulently joined.

Defendants' main argument relating to Ms. Williams, and the only argument Defendants support with legal authority in the Motion to Dismiss, is that any claims asserted against her were barred in the Original Action by the statute of limitations and are thus barred in this re-filed action, too.

The statute of limitations applicable to personal injury actions requires that the plaintiff commence an action within two (2) years after the right of action accrues. O.C.G.A. § 9-3-33. "On a tort claim for personal injury the statute of limitation generally begins to run at the time damage caused by a tortious act occurs, at which time the tort is complete." Everhart v. Rich's, Inc., 229 Ga. 798, 801, 194 S.E.2d 425 (1972).

If a party to a suit moves to add another defendant to the lawsuit, the filing of a motion within the statute of limitations is ineffective to do so. A.C. Corp. v. Myree, 221 Ga. App. 513, 514, 471 S.E.2d 922 (1996). The motion to add or amend does not toll the statute of limitations. Doyle Dickerson Tile Co. v. King, 210 Ga. App. 326, 327, 436 S.E.2d 63 (1993). "It [is] the duty of counsel to obtain a timely ruling on the motion to add defendants." Id. (citing Watts v. State, 155 Ga. App. 376, 377, 271 S.E.2d 29 (1980)). Thus, "[a] party seeking to add a party must first obtain a court order allowing that joinder, then file the amended complaint within the statute of limitation and serve the defendants with process in a timely manner

or, failing that, show the amended complaint 'related back' to the original complaint." <u>Myree</u>, 221 Ga. App. at 514 (citations omitted).

Pursuant to O.C.G.A. § 9-2-61(a), "[w]hen any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later, subject to the requirement of payment of costs in the original action as required by subsection (d) of Code Section 9-11-41." Pursuant to O.C.G.A. § 9-11-41(e), "[w]hen an action is dismissed under this subsection, if the plaintiff recommences the action within six months following the dismissal then the renewed action shall stand upon the same footing, as to limitation, with the original action." The issue in this case is whether the refiling of the suit against Ms. Williams is proper under O.C.G.A. § 9-2-61(a), given that she was neither added as a party to the Original Action nor served with process until after the statute of limitations had expired.

Plaintiff argues that Ms. Williams cannot pursue in this re-filed action any affirmative defenses that may have applied in the Original Action. However, all of the cases upon which Plaintiff relies are cases in which the sole issue was untimely service. See <u>Hobbs v. Arthur</u>, 264 Ga. 359, 444 S.E. 2d 322(1994); <u>Reid v.</u>

<u>United States Fid. & Guar. Co.</u>, 223 Ga. App. 204, 205, 477 S.E. 2d 369 (1996). As mentioned above and explained in more detail below, Ms. Williams was neither added as a defendant to the Original Action nor served with process within the statute of limitations period. Thus, the cases cited by Plaintiff are not on point and do not control the outcome in this case. <u>See</u> <u>Cotton v. NationsBank, N.A.</u>, 249 Ga. App. 606, 607, 548 S.E.2d 40 (2001) (finding that a plaintiff's claims were time barred because the original complaint was not filed within the applicable statute of limitations, meaning the plaintiff could not use the renewal statute to re-file his claims).

Plaintiff's alleged injury at the Target Store occurred on May 21, 2016. Plaintiff commenced the Original Action on March 7, 2018. On May 14, 2018, one week before the expiration of the statute of limitations, Plaintiff moved the state court to add Ms. Williams. The motion was served on counsel for the existing defendants, and no response was filed. The statute of limitations expired on May 21, 2018. The state court's order granting the motion was entered on August 3, 2018. Plaintiff filed an amended complaint on August 8, 2018, and Ms. Williams was served on August 15, 2018.

In the Original Action, counsel for Plaintiff did not satisfy his duty to obtain a timely ruling on the motion to add Ms. Williams to the action. The record reflects that Plaintiff's counsel communicated with the state court judge's staff attorney by

email and phone regarding a request for an expedited ruling on the motion to add, but Plaintiff's counsel did not file a motion with the state court requesting an expedited ruling. Given that Plaintiff's counsel did not formally request an earlier ruling on the motion to add Ms. Williams, it cannot be said that Plaintiff was prejudiced by any action or inaction by the state court. See Doyle, 210 Ga. App. at 327. Plaintiff's counsel did not take the action he should have taken to obtain a timely ruling on the motion to add, and the statute of limitations is not due to be equitably tolled.

Since Plaintiff did not obtain an order permitting the joinder of Ms. Williams before the expiration of the statute of limitations, Plaintiff must demonstrate under O.C.G.A. § 9-11-15-(c) that the addition of Ms. Williams related back to the commencement of the Original Action and was timely. See Myree, 221 Ga. App. at 514. Under O.C.G.A. § 9-11-15(c), the addition of a new party defendant relates back to the date of filing of the original complaint only if three elements are satisfied: (1) the amendment adding the new defendant must arise out of the same facts as the original complaint; (2) the new defendant must have had sufficient notice of the action; and (3) the new defendant knew or should have known that, but for a mistake concerning her identity as a proper party, that action would have been brought against her. O.C.G.A. § 9-11-15(c). The proposed new defendant has the initial burden of showing that O.C.G.A. § 9-11-15(c) is inapplicable.

Harding v. Godwin, 238 Ga. App. 432, 434, 518 S.E.2d 910 (1999). If the proposed new defendant meets that burden, the burden then shifts back to the plaintiff to show that it is applicable. Id. Georgia courts have held that the newly-added defendant can satisfy the initial burden by filing an affidavit stating that she was not aware of the lawsuit and had no notice of the action until she was served with the amended complaint. See, e.g., Doyle, 210 Ga. App. at 327.

According to an affidavit submitted by Ms. Williams, she was the senior team leader on duty at the Target Store at the time of the incident in question. She attests that she was not aware of Plaintiff's lawsuit prior to being served with the amended complaint in the Original Action on August 15, 2018. Moreover, prior to being served, she did not know and had no notice that but for a mistake concerning her identity as a proper party, the action would have been brought against her. Ms. William has met her burden of showing that O.C.G.A. § 9-11-15(c) is inapplicable, and Plaintiff has made no attempt to demonstrate that it does apply. As such, Plaintiff's cause of action against Ms. Williams did not relate back to the date of the initial complaint in the Original Action. Plaintiff's claim against Ms. Williams was time-barred at the time the Original Action was dismissed, and the claim remains time-barred. Defendants have shown by clear and convincing evidence that there is no possibility that Plaintiff can establish a cause of action against her, and Ms. Williams is due to be dismissed from the action.

Based on the foregoing, diversity of citizenship jurisdiction does exist. The citizenship of Plaintiff is diverse from the citizenship of Target and the citizenship of Defendant Grismore. Additionally, the amount-in-controversy requirement is satisfied. Therefore, Plaintiff's Motion to Remand is due to be denied.

## IV.    GRISMORE'S MOTION FOR SUMMARY JUDGMENT

A. <u>Standard of Review</u>

Federal Rule of Civil Procedure 56 requires the entry of summary judgment when no genuine issue as to any material fact is present and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In seeking summary judgment, the moving party bears the initial responsibility to demonstrate that there is no genuine issue as to any material fact and that summary judgment is appropriate. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970); <u>Allen v. Bd. of Public Educ.</u>, 495 F.3d 1306, 1313 (11th Cir. 2007). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." <u>Clark v. Coats & Clark, Inc.</u>, 929 F.2d 604, 608 (11th Cir. 1991).

When evaluating the merits of a motion for summary judgment, the court must view all evidence and factual inferences raised by the evidence in the light most favorable to the non-moving party and resolve all reasonable doubts

concerning the facts in favor of the non-moving party.  <u>Burton v. City of Belle Glade</u>, 178 F.3d 1175, 1187 (11th Cir. 1999) (citation omitted).  The court is not permitted to make credibility determinations, weigh conflicting evidence to resolve disputed facts, or assess the quality of the evidence.  <u>Reese v. Herbert</u>, 527 F.3d 1253, 1271 (11th Cir. 2008).

A fact is material if proof of its existence or nonexistence would affect the outcome of the case under controlling substantive law.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  Additionally, an issue of fact is genuine when the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party.  <u>Id.</u>  An issue of fact is not genuine if it is unsupported by evidence or if it is created by evidence that is "merely colorable" or "not significantly probative." <u>Id.</u> at 249-250.  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." <u>Id.</u> at 247-48 (emphasis in original).

B.  Discussion

Plaintiff asserts claims against Defendant Grismore for failing to maintain the premises, negligent training and supervision of Target employees and for failing to adopt or enact appropriate policies and procedures to ensure that the appropriate inspections, cleaning and maintenance were performed on the

premises in a timely manner.  Defendant Grismore argues that he is entitled to summary judgment on these claims, as he was not the owner of the Target Store, did not exercise a sufficient degree of control over the Target Store to be held liable for Plaintiff's injuries, and was not present at the Target Store on the day that Plaintiff's accident occurred.  The Court disagrees and finds that genuine issues of material fact exist as to Defendant Grismore's personal liability for Plaintiff's injury.

To prevail on a cause of action for negligence under Georgia law, the plaintiff must establish the essential elements of duty, breach of duty, proximate causation and damages.  Black v. Georgia S. & Fla. Ry. Co., 202 Ga. App. 805, 806, 415 S.E.2d 705 (1992).  Under Georgia law, the owner or occupier of real property owes a duty to its invitees to exercise ordinary care in keeping its premises safe.  O.C.G.A. § 51-3-1.  "This includes inspecting the premises to discover possible dangerous conditions of which the owner/occupier does not have actual knowledge, and taking reasonable precautions to protect invitees from dangers foreseeable from the arrangement or use of the premises."  Robinson v. Kroger Co., 268 Ga. 735, 740, 493 S.E.2d 403 (1997) (citations omitted).  By encouraging others to come onto the property to further the purpose of the owner or occupier, the owner or occupier impliedly represents that reasonable care has been exercised to make the premises safe for those who come for that purpose, and that

representation is the basis of the owner or occupier's liability for injuries sustained by an invitee in a premises liability case. Id. at 741. Notwithstanding the foregoing, a property owner is not an insurer of the safety of entrants, and a mere showing that an injury occurred while on the premises of a proprietor is not sufficient, by itself, to create a presumption of negligence. Lee v. Food Lion, 243 Ga. App. 819, 820, 534 S.E.2d 507 (2000).

To establish an owner's liability for injuries sustained in a premises liability case, the plaintiff must plead and prove: (1) the defendant had actual or constructive knowledge of the hazard; and (2) the plaintiff, despite exercising ordinary care for his or her own personal safety, lacked knowledge of the hazard due to the defendant's actions or to conditions within defendant's control. Robinson, 268 Ga. at 748. "The true basis for an owner's liability is his superior knowledge of the existence of a condition that could subject his invitees to an unreasonable risk of injury." Garrett v. Hanes, 273 Ga. App. 894, 895, 616 S.E.2d 202 (2005) (emphasis added).

When a plaintiff has brought suit against a store manager, as is the case here, "the critical question is whether the individual exercised sufficient control over the subject premises at the time of the injury to justify the imposition of liability." Poll v. Deli Mgmt., Inc., No. CIVA 1:07CV0959 RWS, 2007 WL 2460769, at *4 (N.D. Ga. Aug. 24, 2007); see also Ott v. Wal-Mart Stores, Inc., No. 5:09-CV-00215(HL), 2010

WL 582576 (M.D. Ga. Feb. 16, 2010) ("Most courts agree that exhibiting some level of supervisory control will be sufficient to include a store manager within the § 51-3-1 definition of 'owner or occupier.' "); <u>Lee v. Myers</u>, 189 Ga. App. 87, 89, 374 S.E. 2d 797, 799 (1988) (finding that the manager of a farmer's market had a duty to exercise care in maintaining the premises under § 51-3-1); <u>Mason v. Chateau Cmtys., Inc.,</u> 280 Ga. App. 106, 633 S.E. 2d 426 (2006) (allowing case to proceed against the manager of a trailer park under § 51-3-1).

In the instant case, Defendant Grismore testified that he ran the store and that he was responsible for the overall operation of the store, even when he was not physically present. He further testified that all of the executive team leaders reported to him and that he monitored the training of employees and could have employees retrained if they were counterproductive or inefficient. While Defendant Grismore could not change Target's policies or procedures, he could address immediate safety issues. Defendant Grismore's testimony creates a genuine issue of material fact regarding whether he exercised sufficient control over the Target Store, even in his absence on the day in question, to justify the imposition of liability.

Furthermore, Plaintiff brings a claim for negligent training against Defendant Grismore that is due to go before a jury. Mr. Grismore oversaw the training conducted by the human resources department at the Target Store. In this

case, two minutes prior to Plaintiff's accident, two Target employees walked directly past the area where Plaintiff slipped on the bubble solution on the floor. While Target's policy regarding floor hazards is to block a spill until it can be cleaned up, this did not occur in this case. This raises a question of whether these employees were properly trained on Target's slip-and-fall prevention policy. Significantly, even the manager who was on duty and in charge of the store on the day in question, Ms. Williams, testified repeatedly that she was not properly trained while she was at Target.

"Under Georgia law, if a defendant employer concedes that it will be vicariously liable under the doctrine of respondeat superior if its employee is found negligent, the employer is entitled to summary judgment on the plaintiff's claims for negligent entrustment, hiring, training, supervision, and retention, unless the plaintiff has also brought a valid claim for punitive damages against the employer for its own independent negligence." Hosp. Auth. of Valdosta/Lowndes Cty. v. Fender, 342 Ga. App. 13, 21 (2017). In the case at bar, Target has not admitted or conceded that it will be vicariously liable under the doctrine of respondeat superior if Defendant Grismore is found to have been negligent in the training of Target employees. Based on the evidence that Plaintiff has presented and the absence of an admission by Target of vicarious liability,

Defendant Grismore is not entitled to summary judgment on Plaintiff's claim for negligent training.

## V.    CONCLUSION

Based on the foregoing, the Court **ORDERS** that: (1) Defendants' Motion to Dismiss Brian Grismore and Brittany Williams as Party Defendants [Doc. No. 4] is **DENIED** with respect to Brian Grismore and **GRANTED** with respect to Brittany Williams; (2) Plaintiff Pamela Sullivan's Motion to Remand [Doc. No. 5] is **DENIED**; (3) Defendant Brian Grismore's Motion for Leave to Amend Defendant Brian Grismore's Special Appearance and Answer and Defenses to Plaintiff's Complaint [Doc. No. 16] is **DENIED as moot**; (4) Defendants' Motion for Leave to Amend Defendants' Petition for Removal [Doc. No. 17] is **GRANTED**; (5) Defendant Brian Grismore's Motion for Summary Judgment [Doc. No. 24] is **DENIED**; and Defendant Brittany Williams's Motion for Summary Judgment [Doc. No. 25] is **DENIED as moot**. The Court **DIRECTS** the Clerk of Court to terminate Defendant Brittany Williams as a party to this action.

SO ORDERED this 1st day of April, 2020.


s/  *CLARENCE COOPER*
CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE